UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CALVARY INDUSTRIES, INC.,

    Plaintiff,

v.

RONALD McLAREN,

    Defendant.

Case No. 1:21-cv-622
JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

This cause is before the Court on Plaintiff Calvary Industries, Inc.'s ("Calvary") Motion to Remand (the "Motion," Doc. 8), following Defendant Ronald McLaren's removal of this action from state court. (*See* Notice of Removal, Doc. 1). For the reasons below, the Court **DENIES** Calvary's Motion (Doc. 8).

## BACKGROUND

This case began in an Ohio state court when Calvary filed a complaint against McLaren on August 20, 2021. (Compl., Doc. 2, #21). Calvary then served that Complaint on McLaren by certified mail on August 28, 2021. (Notice of Removal, Doc. 1, #1). On September 28, 2021, McLaren removed to this Court, and Calvary now moves to remand.

According to the Complaint, Calvary manufactures certain chemicals. (Compl., Doc. 2, #21). McLaren worked for Calvary in a business representative capacity from January 12, 2015, until Calvary fired McLaren sometime in June 2018. (*Id.* at #22). Calvary's Complaint alleges that beginning in February 2016 (i.e., while McLaren

was still ostensibly working for Calvary), McLaren breached certain non-compete provisions of his employment contract with Calvary by also working surreptitiously for one of Calvary's competitors. (*Id.* at #25). Calvary further alleges that McLaren misappropriated Calvary's trade secrets by using them in his employment with that competitor. (*Id.* at #26).

Calvary had previously sued McLaren, based on that same alleged conduct, in a state court complaint filed on August 13, 2018. In that complaint, Calvary sought compensatory damages "believed to be in excess of $425,000." (8/13/18 Compl., Notice of Removal Ex. B, Doc. 1, #17). McLaren had likewise removed that action, but, after litigating the matter in federal court for some three years, Calvary voluntarily dismissed that action, filing this nearly identical action (again in state court) some three months later. (*See* Case No. 1:18-cv-638, Stipulation of Voluntary Dismissal, Doc. 32, #95).

In his notice of removal here, McLaren states that the present action falls within this Court's federal diversity jurisdiction. (Doc. 1, #2 (citing 28 U.S.C. § 1332)). In support of that, McLaren asserts that Calvary is an Ohio corporation with its principal place of business in Ohio, and is thus a citizen of Ohio. (*Id.* at #1). McLaren, by contrast, is a citizen of Georgia, meaning complete diversity is met. (*Id.*). As for the jurisdictional amount, the notice of removal states that "the amount in controversy, exclusive of interest and costs, exceeds $75,000." (*Id.*). In support of that allegation, McClaren notes that, while the state court complaint purports to limit damages to $70,000, Calvary had previously sued McLaren for the same conduct, and

2

there Calvary had asserted that the damages were "in excess of $425,000." (*Id.* at #2). Moreover, McLaren also observed that the $70,000 figure in the Complaint here was only for damages, and did not "count[] any value of any property sought for recovery," or "the value of [the] permanent injunction" that Calvary also sought as relief. (*Id.*). In addition to removing the action, McLaren also answered (Doc. 5) Calvary's Complaint on the following day.

On October 28, 2021, Calvary moved to remand this action to state court. (Doc. 8). In a one-page filing, Calvary argues that removal was inappropriate for two reasons. First, Calvary argues that the $75,000 amount-in-controversy requirement for diversity jurisdiction is not satisfied because Calvary stated in its Complaint that it seeks only $70,000 in monetary damages. (*Id.* at #40 (citing Compl., Doc. 2, #27)). Second, McLaren's Notice of Removal was defective, Calvary claims, because McLaren failed to attach "a copy of all process, pleadings, and orders served upon [the] defendant … in [the state court] action." (*Id.* (quoting 28 U.S.C. § 1446(a))). In particular, McLaren did not attach a copy of his employment agreement, which Calvary had included as an exhibit to its original state court complaint. (*Id.*).

McLaren opposed Calvary's motion on November 18, 2021. (*See* Doc. 11). First, McLaren argues that the amount-in-controversy requirement is satisfied because Calvary's statement purporting to limit damages to $70,000 is ineffectual under Ohio law, and Calvary had previously sought over $425,000 in damages based on the same conduct, meaning that the latter amount, and not the former, reflects Calvary's true valuation of its claims. (Resp. in Opp'n to Mot. ("Opp'n"), Doc. 11, #75). Second,

3

McLaren argues that even if Calvary's purported limitation of damages were binding, Calvary's Complaint also seeks injunctive relief, such as return of property, and an ordering "enjoining Defendant from violating the terms of his" non-compete. (*See* Compl., Doc. 2, #27). The value of such injunctive relief, McLaren says, would exceed the additional $5,000 necessary to satisfy the amount-in-controversy requirement. (Opp'n, Doc. 11, #76). Third, McLaren argues that he has cured any defect in the original Notice of Removal by filing the employment agreement at issue to the docket in this case on November 4, 2021. (*Id.* at #77 (citing Notice of Filing, Doc. 9-1)).

Calvary replied in support (Doc. 13) of its Motion on December 3, 2021. The matter is now fully briefed and ready for the Court's review.

## LEGAL STANDARD

When a defendant removes an action from state court to federal court, the federal court has jurisdiction only if it would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). Here, McLaren claims this matter falls within the Court's original jurisdiction under 28 U.S.C. § 1332(a). For that to be true, two conditions must be met: (1) the parties must be sufficiently diverse; and (2) the amount in controversy must exceed $75,000. Removal jurisdiction is assessed based on the facts as they existed at the time of removal. *See Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004). When jurisdiction upon removal is uncertain, federal courts must construe the removal statutes strictly, resolving all doubts in favor of remand. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

4

## LAW AND ANALYSIS

The defendant, Ronald McLaren, removed this breach of contract action from state court relying on this Court's diversity jurisdiction under 28 U.S.C. § 1332. Calvary now seeks remand on two grounds. First, it asserts that the jurisdictional amount, $75,000, is not met. Second, it claims that McLaren failed to attach "all … pleadings" from the state court action, as 28 U.S.C. § 1446(a) requires. In particular, McLaren failed to attach the contract that was included as an exhibit to Calvary's state court complaint, and that forms the basis for the breach of contract action.

Neither argument works. As to the first, while the Complaint states that Calvary seeks $70,000 in damages, the Complaint does not (and, under Ohio law, could not) *limit* the damages to that amount. And, in any event, the Complaint also seeks injunctive relief, including an Order preventing McLaren from engaging in certain employment activities for a period of eighteen months, which appears to the Court to have a potential value well in excess of $5,000. As to the second argument, while Calvary is correct that the removal statute required McLaren to attach the entirety of the state-court pleadings, which arguably included the contract at issue, the Sixth Circuit has held that failing to include all such documents is a procedural defect, rather than a jurisdictional defect. Thus, absent prejudice to the non-removing party, the removing party can correct the failure after removal. Here, Calvary has identified no prejudice (and the Court sees none), and McLaren has cured his failure.[1]

---

[1] It appears to the Court that Calvary may have had another—and arguably better—basis for seeking remand. In particular, § 1446(b) requires a removing party to file its notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." Here, the removal notice states that McLaren was served on

5

### A. The Amount-In-Controversy Requirement Is Met.

As noted, parties asserting federal diversity jurisdiction generally must make two showings: (1) that the parties are completely diverse; and (2) that the case meets the jurisdictional threshold—above $75,000. Here, the second condition is at issue. As a general rule, a plaintiff is the master of his or her own complaint, so a plaintiff wishing to avoid removal can sue in state court for less than the jurisdictional amount, thereby preventing removal even if the parties are diverse. *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 469 (6th Cir. 2019); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938) ("If [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.").

Some states, though, including Ohio, make it difficult for plaintiffs to avoid removal on these grounds. That is true in two regards. First, under Ohio civil rules, the only statement that a plaintiff is generally allowed to make regarding alleged

---

August 28, 2021. (Doc. 1, #1). He did not remove until September 28, 2021—31 days after service. That said, the Sixth Circuit has held that "[t]he strict time requirement for removal in civil cases is not jurisdictional," but rather is procedural. *Seaton v. Jabe*, 992 F.2d 79, 81 (6th Cir. 1993); *Lanier v. The Am. Bd. of Endodontics*, 843 F.2d 901, 905 (6th Cir. 1988); *see also Music v. Arrowood Indem. Co.*, 632 F.3d 284, 287–88 (6th Cir. 2011) (holding the one-year limitation period of § 1446 is likewise procedural). Other circuits agree. *See, e.g., Farina v. Nokia Inc.*, 625 F.3d 97, 114 (3d Cir. 2010) ("It is well settled that § 1446(b)'s thirty-day time limit for removal is a procedural provision, not a jurisdictional one.") (citing cases); *Corona-Contreras v. Gruel*, 857 F.3d 1025, 1029 (9th Cir. 2017) ("The time limits for removal specified in 28 U.S.C. § 1446(b) are procedural rather than jurisdictional."). Because the issue is procedural rather than jurisdictional, failure to raise the issue waives it. *See Arrowood*, 632 F.3d at 288 (noting that procedural requirements of removal are "waivable"); *Farina*, 625 F.3d at 114 (same); *Corona-Contreras*, 857 F.3d at 1029 (same). Here, Calvary failed to raise 1446(b)'s thirty-day removal limit in its remand motion, and has thus waived it. Accordingly, the Court does not address the argument further in this Opinion.

damages in a complaint is that the amount sought is more than $25,000. Ohio Civ. R. 8(A). That category, of course, includes amounts both below and above the federal jurisdictional threshold. Second, even if a plaintiff ignores that stricture and includes an allegation in the complaint capping the alleged damages (e.g., "plaintiff seeks less than $75,000"), such limitations are not enforceable under Ohio law. That is, plaintiffs can recover more in damages in an Ohio court than they allege in their complaints. *See* Ohio Civ. R. 54(C); *Bower v. Am. Cas. Co.*, Case No. 99-4102, 2001 U.S. App. LEXIS 18053, at *7 (6th Cir. 2001); *see also Shankle v. Egner*, Nos. 2011 CA 00121, 2011 CA 00143, 2012 WL 1622459, at *5 (Ohio Ct. App. May 7, 2012) ("Civ. R. 54 authorizes courts to grant the relief to which a party is 'entitled,' regardless of whether the party has demanded the relief in the pleadings.").

As a result, a defendant facing suit in Ohio court is free to remove an action, even if the complaint purports to limit relief to less than $75,000, so long as the defendant can assert in good faith in its removal papers that the amount in controversy in fact exceeds the jurisdictional threshold. The removal statute puts it this way:

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—the notice of removal may assert the amount in controversy if the initial pleading seeks … a money judgment, but the State practice … permits recovery of damages in excess of the amount demanded….

28 U.S.C. § 1446(c)(2). As described above, Ohio is one State that "permits recovery of damages in excess of the amount demanded," and thus the notice of removal "may assert the amount in controversy," *id.*, which it did here, (*see* Doc. 1, #2).

7

If the removal notice states an amount in excess of the jurisdictional threshold, a plaintiff desiring remand has two options. First, the plaintiff can respond to the removal by filing in the federal action a stipulation that clarifies that the amount in controversy is less than the jurisdictional threshold (i.e., that states in an unequivocal fashion that the amount that the plaintiff is seeking and will accept is less than $75,000). So long as the language of the stipulation is sufficiently unequivocal and binding, that stipulation deprives the federal court of subject matter jurisdiction. *See Heyman*, 781 F. App'x at 469–70. Second, the plaintiff can move for remand, disputing the allegation in the removal notice as to the jurisdictional amount. If the plaintiff opts for this latter course, the defendant, as the party seeking to keep the matter in federal court, then has the burden of showing, by a preponderance of the evidence, that the jurisdictional amount is met. *See* 28 U.S.C. § 1446(c)(2)(B).

Applying this well-settled framework to the facts here, the Court begins by noting that Calvary has not supplemented the record with a post-removal stipulation that it only seeks, and will only accept, a total recovery of less than $75,000. Instead, Calvary relies solely on the statement in its original Complaint that Calvary is seeking "an award for damages, attorney fees and costs of $70,000." (Mot., Doc. 8, #40 (citing Compl., Doc. 2, #27)). But as discussed above, because the cited language in Calvary's Complaint does not in fact limit Calvary's recovery under Ohio law, the language also does not defeat this Court's jurisdiction on the grounds that the amount-in-controversy requirement is unsatisfied. *See Heyman*, 781 F. App'x at 470 (6th Cir. 2019) (affirming denial of motion to remand despite attempt to limit

8

damages in state court complaint because under applicable state law such a limitation was "insufficient to affirmatively establish that the amount in controversy requirement for diversity jurisdiction [could not] be met"); *see also Bower*, 2001 U.S. App. LEXIS 18053, at *7; *Shankle*, 2012 WL 1622459, at *5.

But, because Calvary has challenged whether the jurisdictional amount is met, the Court still must determine whether McLaren has shown, by a preponderance of the evidence, that more than $75,000 is in fact at issue in this case. Based on the present record, the Court concludes that McLaren has carried his burden as to the amount-in-controversy requirement for two related reasons.

First, the value of the injunctive relief sought in Calvary's Complaint more likely than not exceeds $5,000. Generally speaking, in suits seeking injunctive relief, the value of that relief also counts toward the jurisdictional limit and is measured by "the object of the litigation." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). Here, the Complaint alleges that McLaren presently works for Calvary's competitor in violation of his non-compete agreement with Calvary and also makes use of Calvary's trade secrets so as to cause harm to Calvary. (Doc. 2, #25–27). Calvary therefore asks for injunctive relief that, among other things, would prevent McLaren "from violating the terms of his Agreement with Calvary," presumably including by continuing to use Calvary's trade secrets in the service of his new employer. (*See id.* at #25). Calvary does not say what its competitor pays McLaren, but it does allege that Calvary itself formerly paid him a salary of "$75,000 a year," along with other benefits. (*Id.* at #22). Under these circumstances, it is more likely

than not that the economic value of an injunction impacting McLaren's work for Calvary's competitor for eighteen months (the term specified in the non-compete agreement) exceeds $5,000, even apart from the value of Calvary's separate request for return of its property from McLaren. (*See id.* at #27).

True, some courts have concluded that the values of the injunctive and monetary relief sought in cases involving non-compete agreements are one and the same and that, therefore, assigning any *additional* value to the injunctive relief for diversity purposes, beyond the monetary damages, would amount to unwarranted "double counting." *Total Quality Logistics, LLC v. Covar Transp.*, Case No. 1:17-cv-797, 2017 WL 6546617, at *4 (S.D. Ohio Dec. 22, 2017); *Midwest Motor Supply Co., Inc. v. Cataldo*, No. 2:05-cv-1135, 2006 WL 1133201, at *3 (S.D. Ohio Apr. 27, 2006); *Midwest Motor Supply Co., Inc. v. Addis*, No. 2:05 CV 0733, 2006 WL 181990, at *4 (S.D. Ohio Jan. 23, 2006). According to such cases, the monetary relief measures what the previous employer would suffer if the non-compete were not enforced—that is, the damages figure essentially reflects the use of monetary damages *as an alternative to* enforcement. But that seems somewhat of an overstatement. To be sure, if the employer's position were that it would accept $75,000 or less as full recovery for *all* damages and *in lieu of* any and all injunctive relief the employer might otherwise receive, that reasoning might work. In such situations, the employer would essentially be pricing the sum of: (1) its damages (including compensatory damages, punitive damages, and attorneys' fees); plus (2) the remainder of its enforcement rights, at a combined aggregate amount lower than the jurisdictional threshold.

Where though, as here, the employer could receive (per its own Complaint) $70,000 in monetary relief alone, and then *also* receive value in the form of injunctive relief *on top of that*, the Court considers the amount-in-controversy requirement satisfied, even fully crediting the Complaint's representation regarding the monetary damages at issue in this case.

Second, though, a closer look at the record here discloses that even the potential monetary damages themselves more likely than not exceed $75,000. According to Calvary, McLaren violated his non-compete agreement for about two and a half years from February 2016 until his termination in June 2018, and then continued violating a restriction on post-termination employment that was to last for another eighteen months after McLaren's termination. (*See* Compl., Doc. 2, #23–24). Again, reasonably assuming that McLaren's employment with a competitor deprived Calvary, at a minimum, of a substantial share of the value of McLaren's $75,000 annual salary, not including benefits, the potential monetary damages in this case likely add up to more than $75,000. So perhaps it is no surprise that Calvary in its briefing makes no attempt to argue that the true damages at issue are under the jurisdictional amount, apart from the Complaint's ineffectual attempt to limit monetary damages to $70,000 discussed above.

Further confirming the point, Calvary sought $425,000 in compensatory damages in a previous lawsuit against McLaren based on this *same* conduct. (8/13/18 Compl., Notice of Removal Ex. C, Doc. 1, #17). To be sure, Calvary "voluntarily dismissed the case." (Opp'n, Doc. 11, #73). But it filed the current action "less than

11

three months later," based on nearly identical factual allegations. (*Id.*). Thus, it is reasonable to assume that, absent a binding stipulation to the contrary, the amount in controversy here is well in excess of the jurisdictional amount.

Indeed, in similar circumstances, the Sixth Circuit rejected a party's attempt in a second action, filed after the party voluntary dismissed its first action, to disclaim, for amount-in-controversy purposes, the damages assertions the party had made in its first go-round. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 870 (6th Cir. 2000). There, Rogers initially sued Wal-Mart in Tennessee state court for approximately $950,000. *Id.* Wal-Mart promptly removed the case to federal court, but the parties stipulated to a dismissal without prejudice shortly thereafter. *Id.* Rogers then filed a new complaint in state court based on the same occurrence. *Id.* This time, however, Rogers specified in the complaint that she sought no more than $75,000. *Id.* Wal-Mart again removed the case, asserting diversity jurisdiction based on sworn interrogatories in the first case in which Rogers estimated her damages at $447,000. *Id.* Rogers moved to remand and filed a stipulation asserting that she "had no intention of seeking additional damages" and that she had "instructed [her] attorney to stipulate that [her] demand for damages will not exceed $75,000 at any time in the future." *Id.* The district court denied her motion to remand, and the Sixth Circuit affirmed, concluding that "events occurring after removal that reduce the amount in controversy do not oust jurisdiction." *Id.* at 872 (emphasis added). In other words, where a party has clearly stated that the amount in controversy based on a given set of allegations exceeds $75,000, it cannot voluntarily dismiss the action, re-

12

file, and then claim that the jurisdictional amount is not met. Yet, that is exactly what Calvary seeks to assert here.

In short, setting aside Calvary's ineffectual attempt in its Complaint to disavow monetary damages in excess of $70,000, there is every reason to believe that the amount-in-controversy requirement is met here. And even if monetary damages were limited to $70,000, which they are not, considering the additional value of injunctive relief at play would still push the amount in controversy above the required threshold. Accordingly, McLaren has shown by a preponderance of the evidence that the amount-in-controversy requirement is satisfied in this case, and the Court rejects Calvary's argument to the contrary.

### B. McLaren Has Cured Any Procedural Defect From Failure To Attach His Employment Contract To The Notice Of Removal.

Separately, Calvary argues that remand is required because McLaren failed to attach his employment agreement, which Calvary had included as an exhibit to the state court complaint, thereby violating § 1446's requirement to attach "all … pleadings." But even assuming that failing to attach an *exhibit* to a pleading violates that requirement, a question the Court need not, and does not, decide, the weight of authority holds that failure to attach a required document to the notice of removal is a procedural defect that can be cured in the absence of prejudice to the non-removing party. *See Griffin v. JPMorgan Chase Bank, N.A.*, 595 F. App'x 473, 474 (6th Cir. 2014) ("[T]he failure to include all the pleadings … is only a procedural defect; it is not jurisdictional."); *Ollie v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, No. 1:16-CV-78-SKL, 2016 WL 9132004, at *2 (E.D. Tenn. June 9, 2016) ("The majority view … is

13

that a failure to attach the required state papers is a curable procedural defect."); *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013) (describing defendant's failure to file the state court complaint as a curable, "*de minimis* procedural defect," even "after expiration of the thirty-day removal period"); *Countryman v. Farmers Ins. Exch.*, 639 F.3d 1270, 1272 (10th Cir. 2011) (same); *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011) (same).

True, to the Court's knowledge, the Sixth Circuit has not adopted this rule in a published case. And, in fairness, there is a minority view according to which failure to attach the required papers is jurisdictional. *See Countryman*, 639 F.3d at 1272 n.1 (citing cases). But in the Court's view, the majority rule is the better rule given the relatively technical and minor nature of a defendant's failure to attach a required document to a notice of removal. As the Seventh Circuit observed in similar circumstances, "[r]emand would be a disproportionate sanction for a trivial oversight, and when judges measure out sanctions they strive for proportionality." *Walton*, 643 F.3d at 999; *see also Riehl v. Nat'l Mut. Ins. Co.,* 374 F.2d 739, 742 (7th Cir. 1967) ("To permit this minor irregularity to defeat the District Court's jurisdiction would be to elevate form over substance.").

Accordingly, the Court holds that McLaren's failure to attach his employment agreement to his Notice of Removal is (at worst) a curable procedural defect. Here, McLaren cured that defect by filing the necessary documents on the docket in this case on November 4, 2021. (*See* Doc. 9). Calvary has not even attempted to identify any prejudice it suffered as a result of McLaren's failure to attach his employment

14

agreement to the original Notice of Removal, and the Court sees nothing in the record to indicate that there was any such prejudice. Accordingly, the Court concludes that McLaren has effectively cured any procedural defect that may have affected the original Notice of Removal and rejects Calvary's argument to the contrary.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Calvary's Motion to Remand (Doc. 8).

**SO ORDERED.**

June 16, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**